UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICKIE WESTBROOK, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:05-CV-0057 WL |
| GRANT COUNTY JAIL. *et al.*, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Rickie Westbrook, a prisoner confined at the Grant County Jail, submitted a complaint and amended complaint under 42 U.S.C. § 1983, alleging that jail officials violated his federally protected rights. The court screened his submissions, dismissing some claims and defendants. Mr. Westbrook has now filed another request to amend his complaint to add defendants and claims. Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires," but 28 U.S.C. § 1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F. Supp.2d 633 (N.D.Ind. 1998). Accordingly, the court will screen the proposed amended complaint, and grant Mr. Westbrook leave to amend his complaint to the extent the claims presented could survive a dismissal motion pursuant to Fed. R. Civ. P. 12(b)(6).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Westbrook brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In its screening order, the court allowed Mr. Westbrook to proceed on claims that some jail officials failed to protect him from being assaulted by another inmate and were deliberately indifferent to his serious medical needs. Mr. Westbrook now seeks to add Captain Darrell Himeuck, Lieutenant Cathy Lee, and Cheie Lugar, because they "are parties to the chain of command" and "are responsible for the operation of the jail."

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). There is no suggestion in the complaint that Captain Himeuck, Lieutenant Lee, and Cheie Lugar had any personal involvement in any of the actions Mr. Westbrook alleges violated his

federally protected rights, and the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

Mr. Westbrook also seeks to add Corporal Matthew Edris, Officer Foy, and Nurse Branke as defendants in their individual and official capacities, and alleges that they were personally involved in failing to protect him from being attacked by another inmate and/or were deliberately indifferent to his serious medical needs. Mr. Westbrook states no official capacity claim against these defendants for the reasons stated in the court's screening order of April 21, 2005, but giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his failure to protect and denial of medical treatment claims.

Finally, Mr. Westbrook alleges that "recently" the defendants gave him aspirin past the medication's expiration date. He does not allege that he suffered any actual harm from this incident. This claim has no relation to the claims in his original complaint, and states no claim upon which relief can be granted under the principles of *Estelle v. Gamble*, 429 U.S. 97, 106-107 (1976) (Inadvertent failure to provide medical care or negligence in treating a medical condition do not constitute an Eighth Amendment violation).

For the foregoing reasons, the court:

(1) GRANTS, pursuant to Fed R. Civ. P. 15(A), the plaintiff's motion for leave to amend his complaint (docket #19) and DIRECTS the clerk to file the amendment to his complaint ;

(2) GRANTS the plaintiff leave to proceed against Matthew Edris, Officer Foy, and Nurse Branke in their individual capacities for damages on his Fourteenth Amendment claim that defendant Edris was deliberately indifferent to his security needs by allowing other inmates to attack him and on his Fourteenth Amendment claim that they were deliberately indifferent to his serious medical needs;

(3) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES the plaintiff's official capacity damage claims, DISMISSES defendants Darrell Himeuck, Cathy Lee, and Cheie Lugar, and DISMISSES all claims in the amendment to his complaint except his except his Fourteenth Amendment claim that defendant Edris was deliberately indifferent to his security needs by allowing other inmates to attack him and his Fourteenth Amendment claim that these defendants were deliberately indifferent to his serious medical needs;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS the defendants to respond to the amendment to the complaint as provided for in the Federal Rules of Civil Procedure; and

(5) DIRECTS the marshals service to effect service of process on defendants Matthew Edris, Officer Foy, and Nurse Branke, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and the amendment to complaint.

SO ORDERED.

ENTERED: July 18 , 2005

                                        S/William C. Lee
                                        William C.  Lee, Judge
                                        United States District Court