UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICKIE WESTBROOK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:05-CV-00057 |
| ) | |
| **SHERIFF OATESS E. ARCHEY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Plaintiff Rickie Westbrook, who is *pro se*, filed a motion to compel (Docket # 84) seeking the Court to (1) compel Defendants to produce certain documents responsive to his first request for production of documents (Docket # 29) and answers to his first set of interrogatories (Docket # 30, 36), and (2) impose sanctions on Defendants and declare them "in default" for their alleged failure to comply. While Westbrook's motion is difficult to decipher, he appears to allege that (1) Defendants Brankle, Edris, and Foy failed to respond at all to his first request for production of documents and first set of interrogatories, and (2) Defendants Archey, Moore, and Neal inadequately responded to Request Nos. 1, 3, 4, 5, 6, 7, 8, and 10 from his first request for production of documents.[1] For the reasons stated herein, Westbrook's motion will be GRANTED in part and DENIED in part.

### *1. Request to Compel Discovery*

Westbrook first seeks the Court to compel Defendants Brankle, Edris, and Foy to respond

---

[1] Westbrook later served a second set of interrogatories to Defendants (*see* Docket # 54-59), but does not dispute Defendants' responses to them in this motion.

to his first request for production of documents (Docket # 29) and answer his first set of interrogatories (Docket # 30, 36). Apparently, these three Defendants (and/or their counsel) were served with the discovery requests on or about July 12 (*see* Docket # 29, 30, 36), which was after Westbrook had filed a motion requesting leave to amend his complaint to add them as defendants but six days before the Court granted him leave to do so (*see* Docket # 19, 34). Therefore, Defendants Brankle, Edris, and Foy did not respond to Westbrook's first set of discovery requests, asserting that they were non-parties on the date of the request and thus were not obligated to respond under Rule 33 or Rule 34. *See* Fed. R. Civ. P. 33, 34.

Nonetheless, considering that Defendants Archey and Moore did not respond to the July 12 discovery requests until September 12 (*see* Docket # 75), that the three additional Defendants were added to the suit just six days after the discovery requests were served on them (and/or their counsel), and that the three additional Defendants have the same counsel as Defendants Archey and Moore, the Court GRANTS Westbrook's request and ORDERS Defendants Brankle, Edris, and Foy to respond by November 10, 2005, to Westbrook's first request for production of documents (Docket # 29) and first set of interrogatories (Docket # 30, 36).[2] *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); *see also* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Westbrook next seeks the Court to compel Defendants to produce the following information from the time period of January 15 through September 6, 2005: (1) the no-mix lists

---

[2]Since discovery has remained open, Westbrook could have simply re-served the discovery on the three new Defendants, but that would have exalted form over substance. *See* Fed. R. Civ. P. 1.

identified in Request No. 8, and (2) documents requested in Request Nos. 1, 3, and 5 relating to incidents involving, and disciplinary history pertaining to, inmates Tony Campbell and Darrell Jones, Westbrook's two assailants. Westbrook asserts that he is entitled to this information because these inmates "continue to be a threat to others." (Pl.'s Mot. to Compel at 2.) Defendants, however, argue that the no-mix lists and any actions of Campbell and Jones occurring after January 15, 2005, the date of Westbrook's last alleged harm, are simply not relevant to Westbrook's case. The Court agrees; to be successful in demonstrating that Defendants were deliberately indifferent, Westbrook must show that Defendants had actual knowledge of existing risk to Westbrook *at the time of* his injury. *See generally Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Information pertaining to incidents which occurred after the alleged harm is not relevant to the instant suit. Accordingly, Westbrook's motion is DENIED with respect to this request.

Westbrook also seeks to compel the disclosure of documents stemming from a hearing purportedly held after his January 15 assault, which have not been produced by Defendants. The documents, if they exist, would likely be included in Request No. 3, as well as perhaps Request Nos. 5, 6, and 7. However, Defendants responded to Request No. 3 by stating that "no staff discipline documents exist[] relevant to this request." (Def.'s Resp. to Reqs. for Produc. at 3.) Nonetheless, even if Defendants have no documents to produce in response to a request, Westbrook is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)"); *see also* Grening, Jay E. & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2nd ed. 2002). Accordingly,

3

Westbrook's motion is GRANTED with respect to this request, in that Defendants are ORDERED to execute an affidavit on or before November 10, 2005, (1) stating that after diligent search there are no responsive documents pertaining to the hearing in their possession, custody or control, other than those previously produced, *id.*; *see also Cent. States, S.E. and S.W. Areas Health and Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to Westbrook's requests regarding the hearing, *see Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991).

Westbrook next requests the Court to compel Defendants to produce documents pursuant to Request Nos. 7 and 10 relating to (1) the disciplinary history of inmates Wesley Thompson and Troy Johnson, two inmates Westbrook named in a grievance after they allegedly threatened him, and (2) all documents which refer to a risk of inmate-on-inmate violence. However, Defendants argue that the activities of Thompson and Johnson and other alleged risk of inmate violence is not relevant, as they do not pertain to the assault on Westbrook by Campbell and Jones that is the subject of this suit. Defendants further argue that the request is unduly burdensome, as it would require Defendants to review approximately 2,500 grievances or complaints filed by inmates each year to obtain certain requested information. (Def.'s Resp. to Reqs. for Produc. at 2.) The Court finds Defendants' arguments convincing, as the burden and expense to Defendants of producing information requested by Westbrook pertaining to inmates other than the assailants causing the alleged harm in this suit outweigh any likely benefit he would gain from the discovery. *See* Fed. R. Civ. P. 26(b)(2)(iii); *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (emphasizing that a court has the power to limit

4

proposed discovery if the burden and expense it would impose outweighs its likely benefit). Accordingly, Westbrook's motion is DENIED with respect to this request.

### 2. *Request for Sanctions*

As to sanctions, Westbrook first argues that Defendants should be sanctioned because he "has never received a discovery document on dates issued by Court." (Pl.'s Mot. to Compel at 1.)  Westbrook's argument is unsuccessful, as service is complete on the day of mailing under Rule 5(b), *see* Fed. R. Civ. P. 5(b)(2)(B), and Defendants' discovery responses were mailed to Westbrook on July 12, 2005 (*see* Docket # 75, 76), the date their responses were due (*see* Docket # 70, 71).  Therefore, Defendants' discovery responses were timely served.

Westbrook next contends that Defendants should be sanctioned because they asserted objections in answering his discovery requests.  Again, Westbrook's argument fails as Defendants were clearly entitled to assert objections pursuant to Rule 33(b)(1) and Rule 34(b) in response to his discovery requests. *See* Fed. R. Civ. P. 33(b)(1), 34(b).

Furthermore, sanctions will not be imposed on Defendants, nor will Defendants be held "in default" as Westbrook requested, because Defendants' responses were "substantially justified." *See* Fed. R. Civ. P. 37(a)(4) (requiring that a party failing to comply with a discovery request must pay reasonable expenses, including attorney's fees, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust").  Moreover, Westbrook has produced no evidence that he has "in good faith conferred or attempted to confer" with Defendants as required by Rule 37(a)(2) in an effort to secure the resolution of this discovery matter without court action, *see* Fed. R. Civ. P. 37(a)(2), nor is Westbrook eligible for the award of attorney fees since he is *pro se, Banks v. Bayh*, No. 3:94-cv-

504RM, 1996 WL 204493 (March 27, 1996 N.D. Ind.). Accordingly, Westbrook's motion to impose sanctions on Defendants and declare them "in default" is hereby DENIED.

### 3. Conclusion

In summary, as stated herein, Plaintiff's motion to compel (Docket # 84) is GRANTED in part and DENIED in part. Plaintiff's motion is granted in that Defendants Brankle, Edris, and Foy are ORDERED to respond by November 10, 2005, to Plaintiff's first request for production of documents (Docket # 29) and first set of interrogatories (Docket # 30, 36), and Defendants Archey, Moore, and Neal are ORDERED to execute an affidavit, as described *supra*, by November 10, 2005. All other relief requested by Plaintiff in his motion, including that Defendants be sanctioned and be declared "in default," is hereby DENIED.[3]

SO ORDERED.

Enter for this 27th day of October, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[3] Additionally, Plaintiff filed a motion (Docket # 94) requesting an enlargement of time to reply to Defendants' response to his motion to compel, but later filed a second motion seeking to withdraw his request (Docket # 95). Accordingly, Plaintiff's request to withdraw his motion for an enlargement of time is GRANTED (Docket # 95), and his initial request for an extension of time is DENIED AS MOOT (Docket # 94).