UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICKIE WESTBROOK, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:05-CV-00057 |
| SHERIFF OATESS E. ARCHEY, et al., | ) |
| Defendants. | ) |

### OPINION AND ORDER

Plaintiff Rickie Westbrook, who is *pro se*, filed a Belated Motion to Amend his Complaint (Docket # 114) seeking leave to amend his complaint to add Jail Commander Cathy Lee as a defendant in both her official and individual capacities; this is the third time Westbrook has sought to name Lee as a defendant in this action. (*See* Docket # 34, 87.)  For the reasons set forth herein, Westbrook's motion will be DENIED.

### PROCEDURAL BACKGROUND

On February 14, 2005, Westbrook filed a complaint against the Grant County Jail and a myriad of defendants associated therewith, seeking damages for purported violations of his constitutional rights arising from certain alleged acts, practices, and conduct with respect to Westbrook's incarceration at the Grant County Jail. (*See* Docket # 5.)  Westbrook has since been granted leave to amend his complaint on three different occasions, adding or dismissing various defendants and claims (*see* Docket # 9, 34, 87); in two of his motions, Westbrook sought to name Lee as a defendant, ultimately being denied leave to do so by this Court (*see* Docket # 34, 87).  Westbrook now seeks, more than two months after the deadline for amendments to

pleadings has passed (*see* Docket # 67), leave to file yet another amended complaint, attempting for the third time to add Lee as a defendant in both her official and individual capacities.

## STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires. *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

## DISCUSSION

Westbrook moves to amend his complaint, attempting for the third time to name Lee as a defendant in both her official and individual capacities.  Not only is Westbrook's motion untimely, as the deadline for any amendments to pleadings has come and gone, but Westbrook's proposed amendment is futile, as has been thoroughly pointed out to him by this Court on two prior occasions. (*See* Docket # 34, 87.)

An amendment is futile when it reasserts a claim previously determined, merely restates the facts from the original complaint using different language, fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).  As discussed in this Court's September 26, 2005, Order (Docket # 87), the proposed amendment is duplicative to the extent that it seeks to name Lee as a defendant in her official capacity, as Westbrook is already suing Sheriff Oatess Archey in his official capacity. *See Kiser*

*v. Naperville Cmty. Unit*, 227 F. Supp. 2d 954, 960-61 (N.D. Ill. 2002) ("official capacity suits are equivalent to suing the entity itself").

Furthermore, as emphasized in this Court's July 18, 2005, and September 26, 2005, Orders (Docket # 34, 87), Westbrook's claim against Lee in her individual capacity is also futile. "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (quoting *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986)).  Here, the only new fact Westbrook alleges in his motion is that Lee, as Jail Commander, authorized inmates to be out of lock-down to watch an evening football game, and this act, as Westbrook tells the story, ultimately may have given rise to events (i.e., altercation between Westbrook and two fellow inmates) that caused his alleged deprivation (i.e., deliberate indifference by Defendants to his security and serious medical needs).

As emphasized to Westbrook in this Court's two prior Orders (Docket # 34, 87), the doctrine of *respondeat superior* has no application to Section 1983 actions, and Lee's purported act, as described by Westbrook, simply fails to suggest any personal involvement or direct responsibility on Lee's part for Westbrook's ultimate alleged deprivation. *See generally Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (Section 1983 claims dismissed where plaintiff contended defendants "oversaw others or established wrongful policies," but failed to allege defendants were "personally involved in the constitutional wrongdoing").  Thus, Westbrook's latest motion utterly fails to add any new information that would cause this Court to rule differently than it did on his prior two motions, and accordingly his motion to amend will again be denied.

## CONCLUSION

For the foregoing reasons, Westbrook's Belated Motion to Amend his Complaint (Docket # 114) is hereby DENIED.

SO ORDERED.

Enter for this 9th day of January, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge