UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICKIE WESTBROOK,** )<br>       ) <br>    **Plaintiff,** ) <br>       ) <br>    v.  ) <br>       ) <br> **SHERIFF OATESS E. ARCHEY, et al.,** ) <br>       ) <br>    **Defendants.** )  | **CAUSE NO. 1:05-CV-00057** |

## OPINION AND ORDER

Plaintiff Rickie Westbrook, who is *pro se*, filed his fourth motion to compel (Docket # 132) on January 20, 2006, requesting that the Court compel Defendants to produce eight different categories of documents. Defendants have responded to each category, and Westbrook has replied. (*See* Docket # 136, 141.) The Court will address each category seriatim.

First, Westbrook seeks to compel "[a]ll grievances and medical request[s] [he] wrote from July 1, 2005[,] until September 28, 2005 . . . ." (Pl. Pets. Ct. to Compel Defs. to Produc. the Following Docs. an [sic] Answers (hereinafter, "Mot. to Compel") ¶ 1.) However, the documents Westbrook requests pertain to events that occurred *after* January 15, 2005, the date of Westbrook's last alleged harm, indeed, after he filed his complaint in this case, and thus are not relevant. *See generally Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003) (emphasizing that to demonstrate defendants were deliberately indifferent, the plaintiff must show defendants had actual knowledge of existing risk to plaintiff *at the time of his injury*). Therefore, since Westbrook does not tell us how these documents could possible be relevant to his present claims, his first request will be DENIED.

Second, Westbrook asserts that "interrogatories sent to the Defendants (Officer Edris) on December 7, 2005 . . . ." were never answered by Defendants. (Mot. to Compel ¶ 2.) Westbrook's request will be DENIED, as Defendants had no obligation to answer interrogatories served on the eve of the December 13, 2005, discovery deadline. *See Shroyer v. Vaughn*, No. 1:00-CV-256, 2002 WL 32144316, at *1-2 (N.D. Ind. July 10, 2002). Moreover, there is no evidence on record that the untimely interrogatories were even properly served on Defendants. (*See* Docket # 113.)

Third, Westbrook asserts that "Nurse Brankle['s] answer to Interrogatory No. 3 sent to Defendants November 14, 2005, has nothing to do with the aspirin giving by Officer Foy, but ones given 11-9-04, so Defendants['] objection is not right, and question should be answered." (Mot to Compel ¶ 3.) Defendants responded to Westbrook's initial request by raising the following objection: "[T]he issue regarding aspirin was removed from the case by the court's screening order of July 18, 2005." (Answers to Interrogs. of Pl. of Def. Nurse Nannette Brankle Sent November 14, 2005 at 2.) Defendants now argue that this request was "answered to the extent it could be construed . . . . [and he] is apparently attempting to refashion and reconstrue discovery requests." (Resp. of Defs. Archey, Edris, Brankle, Moore and Foy to Mot. to Compel ¶ 3.)

The Court, however, disagrees, as while the issue of expired aspirin was indeed removed from this case (*see* Docket # 34), it is reasonable to infer that Westbrook was on a different pursuit when he asked: "Rather than any medical help, you sent to me aspirin 11-9-04 on or about then after I had report that I was in need of help and in pain . . . is this true?" (Interrogs. to Defs. ¶ 3.) Clearly, Westbrook was requesting confirmation of the medical intervention he

2

received on 11-9-04, not merely revisiting the issue of expired aspirin.  Thus, his motion to compel will be GRANTED with respect to this interrogatory.

Fourth, Westbrook argues that Request No. 1 sent November 14, 2005, pertaining to inmates Tony Campbell, Darzell Jones, Wesly Thompson, and Troy Johnson, is relevant to his case "because it will show the problems these individuals were to the jail from 11-07-04 until 9-28-05 . . . ." (Mot. to Compel ¶ 4.)  Westbrook's request will be DENIED as duplicative, as he is merely reasserting a request articulated in his first motion to compel that the Court denied in its October 27, 2005, Order.  (*See* Docket # 84, 98.)

Fifth, Westbrook requests a "letter written to [the] jail regarding Wesly Thompson being placed in cell block 3B in July 2005 with [him], on or about that time." (Mot. to Compel ¶ 5.)  Westbrook's request will be DENIED, as the requested letter pertains to events that occurred *after* January 15, 2005, the date of Westbrook's last alleged harm, and thus are not relevant to his case. *See generally Palmer*, 327 F.3d at 593.

Sixth, Westbrook seeks an answer to his request for "a copy of the repairs made on the heater in January 2005 for cell 1F," (*see* Pl. Mot. for Produc. of Docs. ¶ 4), contending that it is "relevant to show conditions [he] had to endure after being hurt due to Defendants['] decisionmaking and choices of beginning the medical care for [his] eye injury, cell 1F and its conditions." (Mot. to Compel ¶ 6.)  Defendants object to this request, asserting that it is irrelevant because "[t]here is no issue in this lawsuit in any complaint filed by the plaintiff regarding heaters in the jail." (Defs.' Resp. to Pl.'s Mot. for Produc. of Docs. Mailed November 14, 2005 at 2.)  The Court agrees that the requested documents are not reasonably calculated to lead to the discovery of admissible evidence in this case, *see* Fed. R. Civ. P. 26(b)(1), and thus

3

Westbrook's request will be DENIED.

Seventh, Westbrook states that he "feels" Defendants used evasive means and untruthful objections to answer his interrogatories and that they have committed perjury. (Mot. to Compel ¶ 7.)  Here, it is unclear exactly what relief, if any, Westbrook is requesting through this vague, conclusory assertion.  Nonetheless, if it is a request for sanctions, it will be DENIED, as Westbrook provides absolutely no evidence to support his request.

Finally, Westbrook asks that the Court "subpoena Superior Court 3 for Court[']s records, transcripts, [and] photos in criminal case on Darzell Jones for his assault upon [Westbrook] in Cause No. 27003-0501-CM-29," asserting that it is "relevant to his case, and injury photos must be in Court files." (Mot. to Compel ¶ 8.)  This request will be DENIED as duplicative, as the Court already denied this request in its January 26, 2006, Order. (Docket # 133.)

Therefore, for the foregoing reasons, Westbrook's fourth motion to compel (Docket # 132) is GRANTED solely with respect to Request No. 3, and accordingly Defendant Brankle is ORDERED to answer the respective interrogatory forthwith.[1]  Westbrook's motion to compel (Docket # 132) is DENIED in all other respects.

SO ORDERED.

Enter for this 3rd day of March, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] The Court finds Defendant Brankle's discovery response was substantially justified; therefore, no sanctions will be imposed. *See* Fed. R. Civ. P. 37(a)(4).

4