UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICKIE WESTBROOK,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CAUSE NO.  1:05-CV-00057 |
| ) | |
| **GRANT COUNT JAIL, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is a request (Docket # 163) filed by *pro se* Plaintiff Ricky Westbrook for (1) a copy of Defendants' Motion to Extend Deadline to File Defendants' Motion for Summary Judgment (Docket # 147), as Westbrook reports he never received it, and (2) a complete copy of certain depositions that Westbrook states he requested from Defendants on February 9, 2006, but only received "partial deposition papers" in response, (*see* Docket # 160). For the reasons stated herein, Westbrook's first request will be GRANTED, but his second request will be DENIED.

As to Westbrook's second request, the general rule is that indigent litigants, that is, those proceeding *in forma pauperis* under 28 U.S.C. § 1915, bear their own litigation costs, at least initially. *Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993).  This means that plaintiffs like Westbrook are generally not entitled to free transcripts of depositions taken by defendants. *Id*.; *see generally Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §

1915(a)."); *Reed v. Pearson*, Civ. S85-100, 1989 WL 516266, at *1 (N.D. Ind. Aug. 22, 1989).

While the Court, in the exercise of its inherent equitable powers, could order Defendants to provide Westbrook with a copy of the depositions he requests, *see Tabron*, 6 F.3d at 159, here he has given the Court no basis for exercising such discretion, never articulating exactly which depositions he is seeking, nor explaining why he needs the transcripts to respond to the pending motion for summary judgment. *See id.* Furthermore, Defendants have attached a significant number of pages from Westbrook's deposition to their motion for summary judgment (*see* Docket # 158); therefore, Westbrook may already have the material that he is requesting. However, as the Court explained in its Order dated April 19, 2006 (Docket # 159), if the submitted papers somehow misrepresent Westbrook's true testimony, he can bring this to the Court's attention and the deposition can be supplemented with additional excerpts.

Therefore, the Clerk is ORDERED to send Westbrook a copy of Defendants' Motion to Extend Deadline to File Defendants' Motion for Summary Judgment (Docket # 147), but Westbrook's request is DENIED in all other respects.

Enter for this 10th day of May, 2006.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge